IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOHSIN AHMMED,

    Plaintiff,

v.

BANK OF AMERICA N.A. ET AL,

    Defendants.

No. C 12-00789 JSW

**ORDER GRANTING IN PART MOTION TO DISMISS AS TO FEDERAL CLAIMS AND REMANDING MATTER**

Now before the Court are the motion to dismiss filed by Defendant Bank of America and the motion to remand filed by Plaintiff Mohsin Ahmmed. Having considered the parties' papers, the relevant legal authority, and the record in this case, the Court GRANTS IN PART Defendant's motion to dismiss as to the federal claims, DENIES IN PART Defendant's motion to dismiss as to state law claims without prejudice to re-filing in state court, DENIES Plaintiff's motion to remand, but REMANDS the case to the San Francisco Superior Court for resolution of the state law causes of action.

**BACKGROUND**

On September 2, 2006, Plaintiff purchased the subject property located at 425 1st Street, Unit 2104, San Francisco, California 94105 ("the Property"). Plaintiff brings this action in an attempt to challenge the pending foreclosure proceedings on the Property. Plaintiff also alleges claims with respect to the processing of loans on the Property. As a result of not paying on the loans, however, the substituted trustee, Quality Loan Service Corp. began the nonjudicial

foreclosure process. The foreclosure sale of the Property has not yet occurred.

As a result of initiating the foreclosure process, Plaintiff filed this action in state court seeking injunctive relief to halt the foreclosure proceedings. Defendants thereafter removed to federal court on the basis of claims arising under federal law.

Based on a set of not altogether clear allegations, Plaintiff, proceeding *pro se*, Plaintiff asserts the following causes of action: (1) to cancel trustee deed; (2) to quiet title; (3) accounting, lending disclosure; (4) slander of title; (5) fraud - misrepresentation; (6) to void contract based on impossibility of performance under California Civil Code §§ 1141, 1511, 1595 *et seq.*; (7) to void contract based on unconscionableness pursuant to California Civil Code § 1670.5(a); (8) contractual breach of implied covenant of good faith and fair dealing; (9) California Civil Code §§ 1920 and 1921 violation; (10) California Civil Code § 1916.7 violation; (11) rescission/cancellation; (12) unfair business practices; (13) breach of fiduciary duty; (14) conspiracy; (15) intentional infliction of emotional distress; (16) Real Estate Procedures Settlement Act ("RESPA") violation pursuant to 12 U.S.C. § 2605(a); (17) Truth in Lending Act ("TILA") violation pursuant to 15 U.S.C. § 1601; (18) injunctive relief; and (19) declaratory relief.

The Court will address additional facts as necessary in the remainder of this order.

## ANALYSIS

**A.  Applicable Legal Standard on Motion for Remand.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); see also 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *amended by* 387 F.3d 966 (9th Cir. 2004);

2

*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

**B.      Plaintiff's Motion to Remand is Denied.**

As there are no procedural or jurisdictional defects with Defendants' removal of this action, Plaintiff's motion to remand is not well-taken. On the basis of Plaintiff's complaint, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the complaint contains claims arising under federal law.[1] Although the majority of the claims are based on alleged state law violations, because Plaintiff alleges claim under federal laws, RESPA and TILA, this Court properly has subject matter jurisdiction and the motion to remand is DENIED.

**C.      Applicable Legal Standard on Motion to Dismiss**.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

---

[1] The Court finds that Plaintiff has pled only two causes of action under federal law (counts 16 and 17). To the extent there is verbiage alluding to other federal laws, there are no claims stated therein. (*See* Complaint ¶ 212.)

3

1 do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 2 478 U.S. 265, 286 (1986)).

3 Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but 4 must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 5 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the 6 court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 7 *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 8 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, 9 unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 10 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246- 11 47 (9th Cir. 1990).

12 As a general rule, "a district court may not consider any material beyond the pleadings 13 in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), 14 *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) 15 (citation omitted). However, documents subject to judicial notice may be considered on a 16 motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for 17 summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), 18 *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 19 (1991).

20 Defendant's request for judicial notice includes documents that are public records and 21 which are the proper subject of judicial notice. *See* Fed. R. Evid. 201(b); *see also Lee v. City of* 22 *Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, Defendant's request for judicial 23 notice is GRANTED.

24 **D.   Dismissal of Federal Claims.**

25      **1.   RESPA Claim.**

26 RESPA was enacted in order to ensure consumers "are provided with greater and more 27 timely information... and are protected from unnecessarily high settlement charges caused by 28 certain abusive practices ...." 12 U.S.C. § 2601. RESPA requires disclosures regarding the

4

"assignment, sale, or transfer of loan servicing" and prohibits payment of "kickbacks and unearned fees." 12 U.S.C. §§ 2605, 2607.

Plaintiff fails to allege that he suffered any harm as a result of Defendant's alleged failure to respond to the purported Qualified Written Request, or as a result of any other alleged RESPA violation. This defect is fatal to Plaintiff's RESPA claim. *See Allen v. United Financial Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (dismissing RESPA claim based on the plaintiff's failure to allege any pecuniary loss attributable to the alleged RESPA violation). RESPA provides that anyone who violates the act shall be liable for actual damages to an individual who brings an action. *See* 12 U.S.C. § 2605(f)(1). "Although this section does not explicitly set this out as a pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." *Allen*, 660 F. Supp. 2d at 1097 (citing *Hutchinson v. Del. Sav. Bank FSB,* 410 F. Supp. 2d 374, 383 (D.N.J. 2006) (stating that "alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages.")); *see also Pok v. American Home Mortg. Servicing, Inc.*, 2010 WL 476674, *5 (E.D. Cal. Feb. 3, 2010) (dismissing RESPA claim based on the plaintiff's failure to allege any facts to show that the defendant's alleged RESPA violation resulted in pecuniary damages); *Singh v. Wash. Mut. Bank*, 2009 WL 2588885, *5 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim because, "[i]n particular, plaintiffs have failed to allege any facts in support of their conclusory allegation that as a result of defendants' failure to respond, defendants are liable for actual damages, costs, and attorney fees") (quotation marks and citation omitted); *Shepherd v. Am. Home Mortg. Servs., Inc.,* 2009 WL 4505925, *3-4 (E.D. Cal. Nov. 20, 2009); *Reynoso v. Paul Fin., LLC,* 2009 WL 3833298, *7 (N.D. Cal. Nov. 16, 2009); *Llaban v. Carrington Mortg. Servs., LLC,* 2009 WL 2870154, *4 (S.D. Cal. Sept. 3, 2009). In response to the motion to dismiss, Plaintiff fails to allege having suffered any pecuniary damages as a result of the alleged RESPA violation.

Accordingly, the RESPA claim is dismissed.

5

### 2. TILA Claim.

The Truth in Lending Act's stated purpose is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). "TILA is only a 'disclosure statute' and 'does not substantively regulate consumer credit but rather requires disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction.'" *Hauk v. J.P. Morgan Chase Bank USA,* 552 F.3d 1114, 1120 (9th Cir. 2009) (quoting *Rendler v. Corus Bank,* 272 F.3d 992, 996 (7th Cir. 2001)) (internal quotations omitted).

Any action for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Ninth Circuit has determined that this limitations period begins "at the time the loan documents were signed," because at that point the signatory is "in full possession of all information relevant to the discovery of a TILA violation ...." *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). In this case, the loan documents at issue were signed in March 2008. Plaintiff did not file the complaint until January 18, 2012. As such, any claim based on a TILA violation is time-barred, unless Plaintiff can allege facts that demonstrate his TILA claim may be equitably tolled.

The doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers the fraud or non-disclosures that form the basis of the TILA claim for damages. *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). A district court can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate TILA's purposes and adjust the limitations period accordingly. *Katz v. Bank of California*, 640 F.2d 1024, 1025 (9th Cir. 1981).

Plaintiff does not make any allegations or assert any defense regarding equitable tolling. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993) ("[A] plaintiff need not specifically allege equitable tolling ... in a complaint, [but] the complaint must provide a factual basis to support that theory."). Thus, Plaintiff has not alleged any facts that would demonstrate

6

1 why he did not have a reasonable opportunity to discover the alleged non-disclosures within the
2 limitations period.

3 To the extent Plaintiff seeks rescission, a claim for rescission under TILA expires "three
4 years after the date of consummation of the transaction or upon the sale of the property,
5 whichever occurs first...." 15 U.S.C. § 1635(f). The Property has not yet been sold and the loan
6 transaction was complete more than three years before Plaintiff filed suit. Equitable tolling
7 does not apply to claims for rescission under TILA because section "1635(f) completely
8 extinguishes the right of rescission at the end of the 3-year period," even if the lender has never
9 made the required disclosures. *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412-13, 419 (1998);
10 *see also Miguel v. Country Funding Corp.*, 309 F. 3d 1161, 1164 (9th Cir. 2002) (holding that
11 "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a §
12 1635 claim is brought outside the three year limitation period"); *Reynoso v. Paul Financial,*
13 *LLC*, 2009 WL 3833298, *4 (N.D. Cal. Nov. 16, 2009) ("expiration for the right of rescission
14 cannot be tolled"). Because the loan documents were executed in March 2008, more than three
15 years have elapsed since the parties consummated the transaction. Thus, any claim for
16 rescission under TILA is time-barred.

17 In addition, even if the TILA claim were not time-barred, Plaintiff cannot seek
18 rescission under TILA as he has failed to tender the value of the property. *See Yamamoto v.*
19 *Bank of New York*, 329 F.3d 1167, 1171-73 (9th Cir. 2003); *see also Lal v. American Home*
20 *Servicing, Inc.*, 680 F. Supp. 2d 1218, 1222 (E.D. Cal. 2010) ("Under TILA, a plaintiff must
21 allege ability to tender the amount owed on the loan as a prerequisite to rescission."); *see also*
22 *Spence v. Lehman Bros. Bank*, 2010 WL 281010, *2 (E.D. Cal. 2010) (holding that "[s]imply
23 put, if the offeror 'is without the money necessary to make the offer good and know is' the
24 tender is without legal force or effect.").

25 Accordingly, the TILA claim is dismissed.

7

**E.     The Court Declines to Exercise its Discretion to Retain Jurisdiction Over Plaintiff's Remaining State Law Claims.**

The Court's jurisdiction over the instant action is based solely on the existence of a federal question, and the remaining claims arise solely under state law. A district court may decline to exercise supplemental jurisdiction in a case arising from a common nucleus of operative fact where: (1) a novel or complex issue of state law is raised; (2) the claim substantially predominates over the federal claim; (3) the district court dismisses the federal claims; or (4) under exceptional circumstances. *See* 28 U.S.C. § 1367(c). In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted). When "federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute*, 28 U.S.C. § 1447(c); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (suggesting in dicta that "if federal claims are dismissed before trial, ... the state claims should be dismissed as well") (footnote omitted), *superseded by statute*, 28 U.S.C. § 1367.

The United States Supreme Court has explained that "[n]eedless decisions of state law should be avoided as both a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers*, 383 U.S. at 726 (footnote omitted). In this case, it would be equally convenient for the parties to try the remaining claims in state court. Further, the Court has expended few resources in supervising this case. *See Trustees of the Construction Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding an abuse of discretion where the district court ordered a dismissal of state law claims just seven days before trial and after long delays). Therefore, the principles of comity, convenience, and judicial economy weigh against retaining supplemental jurisdiction in this case.

8

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART Defendant's motion to dismiss as to the federal claims, DENIES IN PART Defendant's motion to dismiss as to state law claims without prejudice to re-filing in state court, DENIES Plaintiff's motion to remand, but REMANDS the action for disposition on the remaining state claims.

**IT IS SO ORDERED.**

Dated: June 4, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AHMMED et al,

        Plaintiff,

  v.

BANK OF AMERICA N.A. et al,

        Defendant.

Case Number: CV12-00789 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 4, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mohsin Ahmmed
425 1st St., Unit 2104
San Francisco, CA 94105

Dated: June 4, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk